**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:12-CR-00021 (WLS-ALS) |
| JULIUS THOMPSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is Defendant's Motion for Modification of Restitution Payment Schedule (Doc. 291), filed on May 20, 2026. Therein, Defendant moves the Court to modify the restitution payment schedule, citing "(1) a significant health concern that has impacted Defendant's ability to work; (2) significant change in Defendant's economic resources; (3) and a material change in Defendant's economic circumstances that might affect his ability to pay restitution." (*Id.* at 1).

Under 18 U.S.C. § 3664(k), a sentencing court may adjust the payment schedule of a defendant's restitution in response to "a material change" in that defendant's circumstances that might affect his ability to pay restitution. *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003). Section 3664 contains notification requirements to the attorney general and a defendant's victims before a change in restitution can be issued. *See* § 3664(k) ("A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.").

Upon review, the instant Motion, which is only one paragraph in length, provides insufficient information from which the Court could find a material change in Defendant's circumstances affecting his ability to pay restitution. Defendant provides no explanation or evidence regarding the "health concern" he alleges to be suffering from, or how said health concern has impacted his ability to work or otherwise amounts to a material change in his circumstances. Nor does Defendant explain or provide evidence of the "significant change in

[his] economic resources,"and whether such change is related to the alleged health concern or other unrelated circumstances is unclear. Defendant also does not say whether he complied with the notice requirements of § 3664(k) by notifying the attorney general of the material change(s) asserted in the Motion.

Without sufficient information, the Court cannot find a material change in Defendant's economic circumstances which might justify a modification of the restitution payment schedule. As such, the Motion (Doc. 291) is **DENIED**, without prejudice.

**SO ORDERED**, this 29th day of July 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**